**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Roscoe L. LITTLEFIELD,**
**Defendant-Appellee.**

**No. 86–1160.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1987.

Decided July 10, 1987.

Sanford Svetcov, San Francisco, Cal., for plaintiff-appellant.

A.J. Kramer, San Francisco, Cal., for defendant-appellee.

Before CANBY, NORRIS and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

On February 28, 1986, defendant Roscoe L. Littlefield was charged with cultivating and possessing with intent to distribute over 700 marijuana plants.[1] In connection with this charge, the government sought forfeiture pursuant to 21 U.S.C. § 853(a) of all of Littlefield's right, title and interest in the 40–acre parcel of property on which the marijuana was grown. Defendant moved to dismiss the forfeiture allegations on a variety of grounds, including a claim that section 853(a)(2) should be construed to authorize forfeiture of only that portion of the parcel used to cultivate the marijuana. 637 F.Supp. 632, 637 (N.D.Cal.1986). The district court agreed, holding that section 853 authorizes forfeiture of only those portions of defendant's property actually " 'used or intended to be used to commit or facilitate the commission' of a drug felony." *Id.* The court also noted that a broader interpretation of section 853(a)(2) "would run the danger of violating the Eighth Amendment['s]" prohibition against disproportionate punishments.

The government appeals, contending that section 853 requires forfeiture of the entire parcel of land on which the marijuana was grown, and that such a forfeiture is constitutional.

### Discussion

#### A. *Section 853*

Section 853 requires forfeiture of "any ... property used, or intended to be used, *in any manner or part,*" to commit or facilitate a drug offense. 21 U.S.C.

---

1. Littlefield was also charged with being a felon in possession of firearms. 18 U.S.C. app. § 1202(a)(1) (1982).

§ 853(a)(2) (Supp. III 1985) (emphasis added). Absent the underscored language, the district court's interpretation would be plausible, for it would be unclear whether Congress intended the forfeiture of a full parcel of property where only a portion is used for illegal purposes. The underscored phrase removes this ambiguity. By specifying that property is subject to forfeiture if it was used "in any manner or part" to commit or facilitate a drug offense, Congress plainly provided for forfeiture of property even where only a portion of it was used for the prohibited purposes. A contrary reading would render meaningless the words "in any manner or part," something we should avoid if we reasonably can. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979).

■ Moreover, the district court failed to adequately consider Congress' explicit directive that "[t]he provisions of [section 853] shall be liberally construed to effectuate its remedial purposes." 21 U.S.C. § 853(*o*) (Supp. III 1985). We must respect this congressional purpose if the statutory language will support such a construction. The district court here read the language of section 853 narrowly, applying the rule of lenity. But the rule of lenity is merely a canon of statutory construction and may not be invoked to override a clear congressional directive to the contrary. *See United States v. Turkette*, 452 U.S. 576, 587–88 n. 10, 101 S.Ct. 2524, 2531 n. 10, 69 L.Ed.2d 246 (1981). Thus, in *Russello v. United States*, 464 U.S. 16, 27, 104 S.Ct. 296, 302, 78 L.Ed.2d 17 (1983), the Supreme Court construed an identical directive to require a broad construction of RICO's forfeiture provision, 18 U.S.C. § 1963. We must do the same here.

Littlefield also argues that a narrow reading of section 853 is required because of the similarities and differences in the language used in its civil forfeiture counterpart, 21 U.S.C. § 881(a)(7). This latter section provides for the forfeiture of "[a]ll real property, *including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements*, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title...." 21 U.S.C. § 881(a)(7) (Supp. III 1985) (emphasis added). Littlefield argues that if the phrase "in any manner or part"—used in both sections—is construed to signify that all of the property is subject to forfeiture, the underscored language in section 881(a)(7) would be rendered superfluous.

While Littlefield's argument is not without force, it is not dispositive. In enacting the two forfeiture provisions, Congress admittedly did not use language in a wholly consistent fashion. No matter what construction we adopt, some language in one or another of the two sections will appear to be redundant or superfluous. The suggested redundancy in section 881 strikes us as the easiest to understand and accept. Unlike section 853, which deals with all types of property, section 881(a)(7) speaks only of real property. In that context, lawmakers may simply have thrown in the legalistic phrase "including any right, title, and interest in the whole of any lot of tract," so commonly used when dealing with real property, in an abundance of caution.

Our conclusion is consistent with the legislature's stated understanding that the government would be able to accomplish in a criminal forfeiture proceeding under section 853 precisely what it could do through a separate civil forfeiture proceeding under section 881:

> Where the issues relating to civil forfeiture are the same as or closely related to those that will arise in the prosecution of a drug offense, it is a waste of valuable judicial and prosecutive resources to require separate civil forfeiture proceedings....

Thus, a more efficient mechanism for achieving the forfeiture of a defendant's proceeds from his drug trafficking or of other property he has used in the offense is to permit the criminal forfeiture of such property and thereby consolidate the forfeiture action with the criminal

prosecution. [21 U.S.C. § 853] creates such a mechanism.

S.Rep. No. 225, 98th Cong., 2d Sess. 210, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3393. It would frustrate the goals of judicial and prosecutorial efficiency to construe section 853 as covering only a portion of property that section 881 reaches in its entirety.

### B. *The Eighth Amendment*

■ As we recently noted in *United States v. Busher*, 817 F.2d 1409 (9th Cir. 1987), criminal forfeiture is a form of punishment and therefore subject to the eighth amendment's prohibition against disproportionate punishments. *Id.* at 1413–14. Here, as with RICO's forfeiture provisions, section 853 makes forfeiture of defendant's entire property interest mandatory, leaving the district court no discretion to avoid excessively harsh or fortuitous applications. The district court, however, has the constitutional responsibility to assure that a forfeiture proceeding under section 853 does not inflict excessive punishment in violation of the eighth amendment. *Id.* at 1415.

■ Before entering an order of forfeiture under section 853, the district court must therefore determine, consistent with *Busher, see id.* at 1415–16, that forfeiture of the entire property on which drugs were cultivated together with other punishments imposed is not so disproportionate to the offense committed as to violate the Constitution. In making that determination, the court is not limited to the factors specifically mentioned in *Busher,* but may take into account other relevant considerations, including the value of the illegal drugs cultivated on the property, and the nexus between the portion of the property actually used to grow the marijuana plants and the rest of the land.

### Conclusion

We reverse the district court's judgment regarding forfeiture and remand for fur-

ther proceedings consistent with this opinion.