**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Peter S. VRINER, Defendant/Appellant.**

**No. 90–2111.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 13, 1990.
Decided Jan. 3, 1991.

J. William Roberts, U.S. Atty., Estaban F. Sanchez, Office of the U.S. Atty., Springfield, Ill., Frances C. Hulin, Richard N. Cox, Asst. U.S. Attys., Office of the U.S. Atty., Danville, Ill., for plaintiff-appellee.

JoAnne F. Wolfson, Chicago, Ill., Frank Young, Danville, Ill., Peter S. Vriner, Mahomet, Ill., for defendant-appellant.

Before BAUER, Chief Judge, CUMMINGS and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

This is a direct appeal of an order of forfeiture and seizure. On October 4, 1989, Peter S. Vriner was indicted for conspiracy to distribute 1000 kilograms of marijuana, 21 U.S.C. § 846, distribution of marijuana, 21 U.S.C. § 841(a)(1), and filing a false tax return, 26 U.S.C. § 7206(1). On February 8, 1990, Vriner entered a plea of guilty to the conspiracy and tax charges, but he reserved his right to contest the forfeiture of his interest in his warehouse. On May 8, 1990, after a hearing on the forfeiture, the district court sentenced Vriner to 12 years in prison, ordered him to pay a mandatory special assessment of $100, and ordered the forfeiture and seizure of his interest in the warehouse property pursuant to 21 U.S.C. § 853(a)(2). On May 16, 1990, Vriner filed a motion for reconsideration of the order of forfeiture and seizure, which the court construed as a notice of appeal.

Vriner asks this court to reverse the order of forfeiture and seizure, or, in the alternative, to remand for a hearing to determine whether this forfeiture is grossly disproportionate to the offense committed. The only issue that Vriner raises on appeal is whether the punishment imposed by the district court violates the eighth amendment.

## I. BACKGROUND

The subject of the forfeiture and seizure is a lot known as the Lincolnwood Warehouse Systems that is on 5.5 acres in Champaign County, Illinois. The prefabricated buildings themselves take up approximately 1.5 acres of the land.

Prior to sentencing, the government introduced evidence that the warehouse was used by Peter Vriner to store and distribute marijuana. Its evidence consisted of testimony of three witnesses: an agent of the Illinois State Police and a Deputy United States Marshal, both of whom had been assigned to the surveillance of the warehouse, and a co-conspirator. Though neither of the law enforcement witnesses saw Peter Vriner at the warehouse during their surveillance, they both saw co-defendants entering the warehouse. Co-conspirator Jones testified that on three different occasions during a three-month period he picked up marijuana in two different parts of the warehouse and that one of the times he picked up marijuana from Peter Vriner himself. Peter Vriner did not present evidence to rebut the government's evidence.

## II. ANALYSIS

Because forfeiture is a form of punishment, the eighth amendment prohibition against disproportionate punishments

applies. *United States v. Busher*, 817 F.2d 1409, 1414 (9th Cir.1987). Vriner argues that his punishment, which includes the forfeiture, is disproportionate to his criminal conduct, and therefore is a violation of the eighth amendment. He argues that the forfeiture of the land violates the cruel and unusual punishment clause [1] regardless of the land's value, prison time given, and quantity of drugs involved. The value of the property was not put in the record, and at oral argument his counsel disclaimed any contention that its value matters. We reject his thesis that this forfeiture *per se* violates the eighth amendment.

## A. Criminal Forfeiture

The forfeiture of Vriner's property was ordered under the mandatory language of section 853(a)(2),[2] which requires the district court to order the forfeiture of property when it is used "in any manner or part" to facilitate a drug offense. 21 U.S.C. § 853(a)(2). This court has recently interpreted identical language in the civil forfeiture statute, 21 U.S.C. § 881(a)(7), as indicating a congressional intent "to reach all real property used to promote the drug trade." *United States v. One Parcel of Real Estate*, 903 F.2d 490, 493 (7th Cir. 1990). While admitting that there must be more than an incidental or fortuitous connection between the property and the criminal activity, this court declined to read the

language in section 881 more leniently. *Id.* [3]

## B. Eighth Amendment

Despite the clear mandate of the statute, the district court has a constitutional responsibility under the eighth amendment to insure that the forfeiture does not inflict excessive punishment. *United States v. Littlefield*, 821 F.2d 1365, 1368 (9th Cir.1987). The eighth amendment forbids only those penalties that are grossly disproportionate to the offense committed. *Solem v. Helm*, 463 U.S. 277, 288, 103 S.Ct. 3001, 3008, 77 L.Ed.2d 637 (1983). Eighth amendment concerns may arise when, even though only a few minor acts were illegal, a defendant must forfeit his entire interest in the property. *United States v. Feldman*, 853 F.2d 648, 663 (9th Cir.1988). "Potentially enormous forfeiture orders might in some circumstances threaten Eighth Amendment rights." *United States v. Horak*, 833 F.2d 1235, 1251 (7th Cir.1987). The entire punishment imposed, however, must be considered for an eighth amendment analysis. *Feldman*, 853 F.2d at 664.

The question of the standard to be used in assessing forfeitures under the eighth amendment is one of first impression in this circuit.[4] Other courts, in assessing whether a penalty that included forfeited

---

1. At oral argument, the Assistant United States Attorney submitted that the cruel and unusual punishment clause is the pertinent part of the eighth amendment. Defense counsel did not argue to the contrary. Therefore, we reserve the question of the application of the excessive fines clause to a forfeiture for another time.

2. Section 853(a) provides in relevant part:
   Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law ...
   (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation....
   21 U.S.C. § 853(a)(2).

3. During oral argument, Vriner's counsel conceded that this court's interpretation of the identical language in § 881(a)(7) applied equally to § 853(a)(2).

4. Although this court has not yet had to address the standard to be used in forfeiture disproportionality cases, we have remarked that the eighth amendment may be implicated in forfeiture cases. In one case, the eighth amendment issue was not raised where the penalty was a 23–year sentence and the forfeiture of a home from which a cocaine business was run for the offense of conspiracy to possess 5 kilograms of cocaine with intent to deliver. However, Judge Flaum stated in his concurring opinion that there could be situations in which the broad provision of 21 U.S.C. § 881(a)(7) would raise eighth amendment concerns. *One Parcel of Real Estate*, 903 F.2d at 495 (Flaum, J., concurring). In another case, this court noted that where the forfeiture order would reach stock worth $8 million for racketeering activities that won $712,000, there might be an eighth amendment violation. *Horak*, 833 F.2d at 1251.

property violated the eighth amendment, have compared the total penalty, including the value of the property forfeited and the sentence, to the offense. *See, e.g., United States v. Harris,* 903 F.2d 770 (10th Cir. 1990) (forfeiture of $413,493 in U.S. currency not violative of eighth amendment where offense was possession with intent to deliver three-quarters of a pound of marijuana); *United States v. Monroe,* 866 F.2d 1357 (11th Cir.1989) (no eighth amendment violation for sentence of 10 years and forfeiture of property valued at $30,000 for acts of conspiracy and attempt to manufacture methamphetamine); *United States v. Regan,* 726 F.Supp. 447, 459 (S.D.N.Y.1989) (in a RICO case, district court determined that forfeitures had to be set aside where: 1) $15 million in assets would be forfeited for $96,717 of illegal tax benefits; 2) $1.245 million in assets would be forfeited for $4291 in illegal tax benefits; 3) $1.32 million in assets would be forfeited for $129,725 in illegal tax benefits; and 4) $125,000 in salary would be forfeited for no tax benefits). The Ninth Circuit expounded on the disproportionality test described in *Solem,* 463 U.S. at 292, 103 S.Ct. at 3010, by including in a forfeiture analysis certain admittedly fluid factors.[5] Because Vriner argued that the forfeiture of his property *per se* violated the eighth amendment, we do not decide the standard to be used in an eighth amendment disproportionality claim regarding a forfeiture.

Vriner pled guilty to filing a false income tax return and conspiracy to distribute 1000 kilograms of marijuana. The district court found that more probably than not the warehouse buildings were used to both store and distribute over 300 lbs. of marijuana over the three-month period described by the government's evidence in support of the forfeiture. In determining the penalty, the district court noted that

Peter Vriner was in the "upper tier of the conspiracy to distribute marijuana" and that "he was a distributor and a facilitator." Order on Final Disposition at 3. In addition to the forfeiture, Vriner was sentenced to 12 years in prison—less than the 151 to 188–month range had he been sentenced under the Sentencing Guidelines.

In his argument, Vriner focused on the nexus between the property and the illegal conduct, *Littlefield,* 821 F.2d at 1368, to support his contention that the forfeiture was grossly disproportionate under the eighth amendment.[6] First, Vriner points out that the warehouse system itself only occupies 1.5 of the 5.5 acres of the property forfeited. He argues that he ran a legitimate business from the warehouse and that the property in question was used only tangentially for criminal activity. His disproportionality argument centers on a discussion of whether the forfeiture of an otherwise legitimate enterprise is *per se* disproportionate in violation of the eighth amendment, even though section 853(a)(2) mandates such a forfeiture. To prove an eighth amendment violation, however, Vriner needs to show a gross disproportionality between the offense for which he was convicted and his entire penalty, *Solem,* 463 U.S. at 288, 103 S.Ct. at 3008, which includes the forfeiture of the whole lot. *Busher,* 817 F.2d at 1415. Vriner has not done so.

Second, Vriner argues that the warehouse system was neither erected nor maintained through illegal proceeds. Again, this contention, without more, does not prove a gross disproportionality between the offense and the entire penalty. The fruits of the illegal activity do not enter into the statutory requirements under section 853(a)(2),[7] nor do they *per se* indicate an eighth amendment violation.

---

**5.** Some of the factors that the Ninth Circuit described as part of an eighth amendment analysis of a forfeiture are: the circumstances surrounding the defendant's criminal conduct, the harm caused by his conduct, his motive in committing the crime, *Busher,* 817 F.2d at 1415; the value of the drugs involved, and the nexus between the part of the property used in the

criminal activity and the rest of the property. *Littlefield,* 821 F.2d at 1368.

**6.** At the evidentiary hearing on the forfeiture, the district court specifically found that a nexus existed between the forfeited property and the criminal activity for which Vriner pled guilty.

**7.** Vriner seems to be linking the requirements for forfeiture under § 853(a)(1) to his eighth

## III. CONCLUSION

Peter Vriner was convicted of serious offenses. Section 853(a)(2) required the district court judge to order the forfeiture of the property used in the commission or facilitation of those offenses. Vriner has not shown that the total penalty imposed was disproportionate to the offenses for which he was convicted. Accordingly, the forfeiture is AFFIRMED.

---

amendment argument. Section 853(a)(1) provides for the forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). This statutory requirement is irrelevant to a discussion of both a forfeiture under § 853(a)(2) and a disproportionate penalty under the eighth amendment.