**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**ONE 1988 WHITE JEEP CHEROKEE, VIN 1JCMT782JT134029, LICENSE PLATE NO. J-861 AND ALL APPURTENANCES AND ATTACHMENTS THEREON, Defendant**

Civil No. 1993-132

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 25, 1994

MOORE, *Chief Judge*

## MEMORANDUM AND ORDER

On July 23, 1993, the United States filed this action for forfeiture of the defendant vehicle, a 1988 white Jeep Cherokee bearing the license plate J-861. The vehicle was seized on June 9, 1993 when agents of the Drug Enforcement Administration ("DEA") arrested Frank R. Mancini ("Mancini") in Cruz Bay, St. John, Virgin Islands pursuant to a warrant issued by the United States District Court for the District of Massachusetts.[1] At the time, Mancini was driving

---

[1] Mancini, along with sixteen other individuals, was indicted by a grand jury for consipiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846.

the Jeep Cherokee. Following his arrest and pursuant to regular procedure, the officers conducted an inventory search of the vehicle and, in doing so, discovered a partially consumed marijuana cigarette in the ashtray. The officers then seized the vehicle pursuant to 21 U.S.C. § 881(a)(4). On July 26, 1993, this Court issued a warrant for the arrest of the vehicle.

Frank Mancini, Margaret Mancini, and Buckman, Inc. filed a claim asserting an interest in the subject vehicle on August 25, 1993. The claim stated that Frank and Margaret Mancini were each fifty percent shareholders of Buckman, Inc., the record owner of the vehicle. On August 31, 1993, these claimants filed a motion for summary judgment. The motion asserts that they are entitled to judgment because forfeiture of the jeep—valued at $5,000—based upon the agents' discovery of a portion of a marijuana cigarette violates the Eighth Amendment to the Constitution. Claimants also contend that they should be exempted from forfeiture under the "innocent owner" defense. The United States filed an opposition and cross-motion for summary judgment on October 6, 1993. Claimants have since filed a response and the United States filed a reply brief. Accordingly, this matter is now ripe for consideration.

## DISCUSSION

■ The defendant vehicle in this action was seized pursuant to 21 U.S.C. § 881(a)(4). That section provides in relevant part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of [controlled substances] . . . .

Both parties agree that the Eighth Amendment's prohibition against Excessive Fines[2] applies to civil forfeitures. Indeed, the Supreme Court so held just last Term in Austin v. United States, 113 S. Ct. 2801 (1993). The parties, however, disagree about whether the

---

[2] The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment is fully applicable to the Virgin Islands. See Revised Organic Act of 1954 § 3 (codified at 48 U.S.C. § 1561 (1988)).

forfeiture of property valued at $5,000[3] is excessive as a matter of law for the offense of possessing a portion of a marijuana cigarette.[4]

Underlying the parties' dispute regarding the proper result of the excessive fines analysis is a disagreement about the test to be applied. The government contends that the appropriate inquiry was formulated by Justice Scalia who, writing separately in Austin, declared that courts should not consider "how much the confiscated property is worth, but whether the confiscated property has a close enough relationship to the offense." 113 S. Ct. at 2815 (emphasis in original) (Scalia, J., concurring).[5] According to the United States, application of this test would result in a determination that the fine in this case is not excessive because the confiscated property—the Jeep Cherokee vehicle—is substantially related to the offense of transportation of a controlled substance.[6]

---

[3] Claimants assert that the vehicle is worth $5,000, and the United States has not taken issue with that contention or with claimants' assertion that the value of the partially consumed marijuana cigarette is one dollar or less.

[4] The Austin court declined to establish any guidelines for determining whether a forfeiture is constitutionally excessive because that issue had not been considered by the district court. See 113 S. Ct. at 2812.

[5] The United States has located two post-Austin cases that seemingly adopt Justice Scalia's formulation. See United States v. Borromeo, 1 F.3d 219, 221 (4th Cir. 1993) (observing that both the concurrence and the majority opinion "suggest that a close enough connection between the property sought to be forfeited and the criminal activity might support a forfeiture regardless of proportionality"); United States v. 9638 Chicago Heights, 831 F. Supp. 736, 737 (E.D. Mo. 1993) (citing the concurring opinion in Austin for the proposition that "[t]he relevant inquiry for an excessive forfeiture . . . is the relationship of the property to the offense" and concluding that this test is satisfied where the "[d]efendant real property was used as the situs for the storage and sale of cocaine and crack cocaine").

[6] The United States notes that several courts have upheld forfeiture upon a showing of probable cause that a conveyance has been used to transport a discernible quantity of a controlled substance, regardless of how small. See, e.g., United States v. One (1) 1982 28' International Vessel, 741 F.2d 1319 (11th Cir. 1984) (marijuana residue constituting of two leaves and a twig); United States v. One 1976 Porsche 911S VIN 911-6200323, California License 090NXC, 670 F.2d 810 (9th Cir. 1979) (.226 grams of marijuana); United States v. One 1957 Oldsmobile Automobile, Motor No. A227445, 256 F.2d 931 (5th Cir. 1958) (12 grains of narcotic substance from which four to nine cigarettes could be made); United States v. Two Hundred Eighty Thousand Five Hundred and Five Dollars, 655 F. Supp. 1487 (S.D. Fla. 1986) (marijuana residue consisting of

Claimants, on the other hand, contend that this Court should engage in a multi-factor inquiry to determine whether the fine at issue here is excessive. Citing several pre-Austin cases,[7] they state that this Court should consider whether the value of the forfeited property is "overwhelmingly disproportionate to the value of the offense,"[8] and that in so determining, we must examine the relationship between the value of the property and the value of the narcotics; the nature of the criminal activity; the nexus between the vehicle and the controlled substance; the benefit to the claimants; and harm or monetary loss to others.[9]

Unfortunately, resolution of claimants' Eighth Amendment challenge is substantially complicated by the uncertain state of the law in this area. In the wake of Austin, it is not clear that the only relevant issue is the relationship between the forfeited property and the offense, as the United States suggests. Indeed, a majority of the Austin court remarked that "[w]e do not rule out the possibility that the connection between the property and the offense may be relevant, but our decision today in no way limits the Court of Appeals from considering other factors in determining whether the forfeiture of Austin's property was excessive." 113 S. Ct. at 2312 (emphasis added). On the other hand, claimants also mischaracterize the relevant law to some extent by urging this Court to focus exclusively on pre-Austin cases that employ a multi-factor test for determining whether the value of the forfeited property is proportionate to the value of the offense. The cases cited by claimants to support their argument that this Court must conduct a proportionality analysis rely upon Solem v. Helm, 463 U.S. 277 (1983),[10] where the Supreme Court stated that the Eighth Amendment prohibits "sentences that are disproportionate to the crime commit-

---

seeds and stems). Although this is true, these cases did not address or resolve the separate question of whether a forfeiture clearly permitted by the statute exceeded the limitations on punishment contained in our constitution.

[7] See United States v. Vriner, 921 F.2d 710 (7th Cir. 1991); United States v. Littlefield, 821 F.2d 1365 (9th Cir. 1987); United States v. Busher, 817 F.2d 1409 (9th Cir. 1987).

[8] Memorandum of Law in Support of Claimants' Motion for Summary Judgment at 4.

[9] See id. at 4–7.

[10] See, e.g., United States v. Vriner, 921 F.2d 710, 712 (7th Cir. 1991) (citing Solem).

ted." Id. at 284.[11] Since then, however, the Supreme Court revisited this issue in Harmelin v. Michigan, 111 S. Ct. 2680 (1991). In that case, the Court failed to reach a consensus regarding whether the Eighth Amendment contains a proportionality guarantee. Justices Kennedy, O'Connor, and Souter concluded that "the Cruel and Unusual Punishments Clause encompasses a narrow proportionality principle." 111 S. Ct. at 2702 (Kennedy, J., concurring in part and concurring in the judgment). Justices White, Blackmun, Stevens, and Marshall also concluded that the Eighth Amendment contains a proportionality guarantee but refused to characterize it as narrow. See id. at 2709 (White, J., dissenting).[12] Justices Scalia and Rehnquist, however, declared that "Solem was simply wrong; the Eighth Amendment contains no proportionality guarantee." 111 S. Ct. at 2686.[13]

Based upon this Court's review of relevant precedent, we believe that the principle of proportionality still survives. In a recent case involving an Eighth Amendment challenge to a RICO forfeiture, the Third Circuit held that "the eighth amendment requires that a criminal RICO forfeiture order be justly proportioned to the

---

[11] In Solem, the Court further declared that "a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." 463 U.S. at 292.

[12] Justice White's dissent was joined by Justices Blackmun and Stevens. Justice Marshall stated in a separately authored dissent that "I agree with Justice White's dissenting opinion, except insofar as it asserts that the Eighth Amendment's Cruel and Unusual Punishments Clause does not proscribe the death penalty." 111 S. Ct. at 2719 (Marshall, J., dissenting). Justice Marshall indicated that he agreed with Justice White's "central conclusion . . . that the Eighth Amendment also imposes a general proportionality requirement." Id.

[13] Justices Scalia and Rehnquist also disapproved of the three-part "objective" test announced in Solem, see supra note 11, stating that such a test "becomes an invitation to imposition of subjective values." 111 S. Ct. at 2697. They concluded that there was "enormous variation . . . within a given age, not to mention across the many generations" concerning which offenses were grave, that "[o]ne cannot compare the sentences imposed by the jurisdiction for 'similarly grave' offenses if there is no objective standard of gravity," and that although the remaining element, "the character of the sentences imposed by other States for the same crime" could be "applied with clarity and ease," that factor "ha[d] no conceivable relevance to the Eighth Amendment." Id. at 2697–98.

charged offense," and elaborated that "some proportionality analysis is required upon the defendant's prima facie showing that the [forfeiture] is grossly disproportionate, or bears no close relation, to the seriousness of the crime." United States v. Sarbello, 985 F.2d 716, 724 (3d Cir. 1993). The Court of Appeals concluded by stating that:

> We note that a district court's proportionality analysis, while it will not in every case be extensive or encompass the three factors set forth in Solem, must necessarily accommodate the facts of the case and weigh the seriousness of the offense, including the moral gravity of the crime measured in terms of the magnitude and nature of its harmful reach, against the severity of the criminal sanction. Other helpful inquiries might include an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability, and, of course, the extent that the defendant's interest and the enterprise itself are tainted by criminal conduct. . . . The language of the eighth amendment demands that a constitutionally cognizable disproportionality reach such a level of excessiveness that in justice the punishment is more criminal than the crime.

Id. at 724. The Fourth Circuit also has expressed the view that proportionality remains relevant to determining whether a forfeiture violates the Eighth Amendment. In United States v. Borromeo, the Court wrote that "an inquiry into the proportionality between the value of the instrumentality sought to be forfeited and the amount needed to effectuate the legitimate remedial purposes of the forfeiture would seem to be in order" and that "the proportional relationship of the value of proceeds to the harm occasioned by a defendant's criminal conduct may, in a given case, be relevant under the Supreme Court's approach in Austin." 1 F.3d 219, 221 (4th Cir. 1993).

■ Applying the concept of proportionality to the facts of this case, we also conclude that the forfeiture sought by the government is excessive as a matter of law. The value of the defendant vehicle far exceeds the gravity of the criminal conduct. The presence of a partially consumed cigarette in an ashtray does not reasonably support an inference that the vehicle had been used to

80

transport larger quantities of drugs at some prior time.[14] Moreover, there is no evidence that the transportation or possession of the cigarette resulted in significant benefit to Buckman, Inc. or its owners. Although we do not intend to suggest that forfeiture will be inappropriate in all instances unless there is evidence of large scale trading in narcotics, we decline to accept the government's apparent contention that the Constitution permits forfeiture of property worth several thousand dollars in the absence of any indication that the property had been used to facilitate any distribution or sale of illegal drugs.[15]

## CONCLUSION

In light of this Court's ruling that forfeiture violates the Eighth Amendment, we need not reach claimants' contention that they are protected by the "innocent owner" defense. An appropriate order follows.

## ORDER

Upon consideration of claimants' motion for summary judgment, and for the reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that Claimants' Motion for Summary Judgment is GRANTED; and it is further

ORDERED that the Cross-motion of the United States for Summary Judgment is DENIED.

---

[14] The facts of this case are distinguishable from United States v. Two Hundred Eighty Thousand Five Hundred and Five Dollars, 655 F. Supp. 1487, 1497 (S.D. Fla. 1986), where the district court concluded that marijuana residue in the trunk of a vehicle permitted an inference that the vehicle had been used to transport drugs.

[15] Compare United States v. 2828 North 54th Street, 829 F. Supp. 1071, 1073 (E.D. Wis. 1993) (concluding that "forfeiture of . . . real property does not constitute an excessive fine in violation of the Eighth Amendment because [the claimant] had established a substantial drug manufacturing operation at that property").