**UNITED STATES of America, Plaintiff,**

**v.**

**ONE PARCEL OF REAL PROPERTY LOCATED AT NO. 14–I, Estate St. John, Christiansted, St. Croix, U.S. Virgin Islands, Consisting of 1.0 U.S. Acres More or Less, All as More Fully Shown on PWD No. 3074 Dated August 23, 1972 Subdivision 54, Page 275, in Christiansted, St. Croix, with all Appurtenances and Improvements Thereon, Defendant.**

Civ. No. 1993–213.

District Court, Virgin Islands,
Div. St. Croix.

Sept. 1, 1995.

Order Denying Motion to Reconsider
Oct. 10, 1995.

Michael Humphries, Assistant United States Attorney, St. Croix, U.S.V.I., for Plaintiff.

Joseph Willie, Houston, TX, for Claimant.

## *MEMORANDUM*

MOORE, Chief Judge.

This matter came before the Court on plaintiff's motion for summary judgment and claimant's motion to dismiss this action for forfeiture *in rem.* At the Court's request, the Magistrate Judge prepared a Report and Recommendation which concludes that claimant's motion should be denied and that summary judgment in favor of the plaintiff should be granted. After careful, independent review of the file, including the motion papers, the Court has determined that summary judgment is inappropriate at this moment, and our ultimate decision on the parties' motions will be forestalled. For the reasons set forth below, the Court will resolve some of the legal issues and order the parties to appear before the Magistrate Judge to present evidence that will aid the Court in resolving whether the instant suit is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

## FACTS AND PROCEDURAL HISTORY

The government wishes to effect the forfeiture of the real property referenced in the caption ("premises") pursuant to the Controlled Substances Act, 21 U.S.C. § 881(a)(7) (1988 & 1994 Supp.), on the ground that said

property was allegedly used to facilitate drug transactions. To this end, plaintiff has offered only the affidavit of Michael A. Alston, a Special Agent with the United States Drug Enforcement Administration ("DEA"), which describes three controlled purchases conducted by confidential informants on the subject property between June 10, 1993 and July 9, 1993. The affidavit also describes a search of the premises, executed pursuant to a warrant on the evening of July 9, 1993, in which DEA agents recovered 63 grams of crack cocaine. The affidavit recounts information provided by a confidential source of information ("CSOI") which implicates the claimant in the distribution of crack cocaine on the island of St. Croix.

The affidavit also states that, two years before this search, on April 19, 1991, officers of the Virgin Islands Narcotics Strike Force searched the same premises, pursuant to federal search warrant, and seized seven thousand dollars ($7,000.00) in United States currency from the bedroom of the house on the premises. On February 7, 1992, Virgin Islands Police Officers, pursuant to a federal warrant, again searched the same premises and seized a 1990 BMW automobile, ten thousand and thirty-three dollars ($10,033.00) found in the trunk of the BMW, and one thousand eight hundred and ninety-nine dollars ($1,899.00) found on the person of the claimant, Mr. Elroy Williams, Sr.[1] The DEA subsequently effected an administrative forfeiture of the money and property seized in 1991 and 1992 when no entity made claim to the seized items.

■ On August 3, 1993, a grand jury returned an indictment against the claimant and his brother, charging them with conspiracy to distribute a controlled substance and possession of a controlled substance. On the day of trial, after a jury had been empaneled, the government dismissed the criminal charges against the claimant stating that it lacked sufficient evidence to prove those charges beyond a reasonable doubt.[2] On August 13, 1993, the government initiated the instant forfeiture action.

Claimant objects to the proposed forfeiture, and the Magistrate Judge's recommendation in support thereof, on a number of grounds. Claimant contends: (1) that the government impermissibly relies on hearsay to establish probable cause; (2) that the government's motion papers do not satisfy the general requirements of FED.R.CIV.P. 56; (3) that the forfeiture violates the Eighth Amendment's prohibition against excessive fines; and (4) that the Fifth Amendment's Double Jeopardy Clause bars forfeiture of his property subsequent to the dismissal of criminal charges against him after a jury had been empaneled to try his case. The Court will resolve the first three issues, all of which the parties have adequately briefed, and order the parties to appear at a hearing before the Magistrate Judge for the limited purpose of presenting evidence to aid the Court's determination whether the instant forfeiture violates the Double Jeopardy Clause of the United States Constitution.

## USING HEARSAY TO ESTABLISH PROBABLE CAUSE

■ As noted by the Magistrate Judge, the law in this circuit clearly allows the government to offer credible hearsay evidence to establish probable cause for the purpose of civil forfeitures of property used to facilitate drug transactions. *United States v. Parcel of Property Known As 6109 Grubb Road*, 886 F.2d 618, *reh'g and reh'g en banc denied*, 890 F.2d 659 (3d Cir.1989). Though the Court does find Special Agent Alston's affidavit somewhat vague insofar as Alston does not specify what information is based upon his own personal knowledge and what is based upon other officers' investigation, the Court deems the affidavit sufficiently reliable when taken as a whole. The descriptions of numerous controlled purchases and the list of paraphernalia and monies seized from the premises provide enough information to sup-

---

**1.** A triple beam scale was also found on the premises. Though the Magistrate Judge concluded that the scale had been seized along with the money and the car, the affidavit does not clearly confirm this fact.

**2.** Double Jeopardy attached at the trial when the jury was empaneled and sworn. *See, Crist v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 2160, 57 L.Ed.2d 24 (1978).

port a finding of probable cause to believe that those premises were used to facilitate drug transactions.

## RULE 56 SUMMARY JUDGMENT STANDARDS

The claimant asserts that Special Agent Alston's affidavit contains no information based upon personal knowledge as required by the clear terms of Rule 56.[3] The United States Court of Appeals for the Third Circuit recently noted that "Federal Rule of Civil Procedure 56 and the case law interpreting that rule control the disposition of summary judgment motions on forfeiture proceedings." *United States v. Premises Known as 717 So. Woodward Street,* 2 F.3d 529, 532 (3d Cir. 1993) (citations omitted); *cf. United States v. One 56–Foot Yacht Named Tahuna,* 702 F.2d 1276, 1283 (9th Cir.1983) ("The peculiar procedural requirements of forfeiture laws ... lead us to conclude that Rule 56(e) does not apply when ... the sole issue is whether the government has established probable cause to seek forfeiture.").

■ Applying the normal standards of Rule 56 practice, the Court finds that the affidavit of Special Agent Alston barely meets the appropriate standards for summary judgment in forfeiture actions. Although Agent Alston attributes information in his affidavit to his own personal knowledge and investigation, it is clear that some of the matters reported are not on his own personal knowledge and might not be admissible at trial as hearsay. The Court nevertheless finds that, even absent those statements, the affidavit provides sufficient information upon which this Court can find probable cause under the relevant standards of summary judgment, and that its detail and scope reflect Alston's competence to testify to the matters stated therein. The Court strongly suggests that the United States in future present something more than one affidavit, or at least make sure that its supporting affidavits clearly identify which of the facts

stated therein are based on the affiant's personal knowledge.

■ Although claimant argues that the standards enunciated in FED.R.CIV.P. 36 governing requests for admissions apply to civil forfeiture proceedings, his one-word denials of the government's requested admissions are hardly sufficient to raise material questions of fact which might bar summary judgment.[4] "It is clear that a claimant's bare denial of knowledge or consent may be insufficient to withstand summary judgment in a forfeiture case." *U.S. v. Premises Known as 717 So. Woodward Street,* 2 F.3d 529, 533 (3d Cir.1993) (citations omitted). More specifically, "[s]ince a claimant advancing an innocent owner defense has the ultimate burden of proof on the issue of an absence of knowledge, he or she can successfully resist a motion for summary judgment only by coming forward with competent evidence tending to show an absence of knowledge." *Id.* at 534; *compare, United States v. Lot 4, Block 5 of Eaton Acres,* 904 F.2d 487 (9th Cir.1990).

## EIGHTH AMENDMENT PROHIBITION OF EXCESSIVE FINES

■ The Supreme Court recently held that the Excessive Fines Clause of the Eighth Amendment applies to forfeiture of property under 21 U.S.C. § 881(a)(4) and (a)(7). *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Pursuant to the Supreme Court's directive in *Austin* that district courts fashion methods to determine what constitutes an excessive fine, this Court announced a rough proportionality test in *United States v. One 1988 White Jeep Cherokee,* 30 V.I. 75, 1994 WL 228996 (D.V.I.1994). Among the factors to be considered when weighing the proportionality of the forfeiture to the alleged criminal conduct at its source are: 1) the magnitude and nature of the criminal activity's harmful reach; 2) the personal benefit reaped by the claimant from that activity; 3) the claimant's

---

**3.** FED.R.CIV.P. 56(e) reads, in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

**4.** Claimant submitted these denials after the Magistrate Judge had deemed the government's requested admissions conceded.

motive and culpability; and 4) the extent that claimant's interest in the enterprise was tainted by criminal conduct. *Id.* (citing *United States v. Sarbello*, 985 F.2d 716, 724 (3d Cir.1993).

■ Having reviewed the substantially unrebutted evidence of the claimant's long history of drug dealing on the premises, and being cognizant of the immense profit that such business brings to those who engage in it, the Court concludes that forfeiture of the premises would not be disproportionate as a penalty for the claimant's apparently longstanding and willful participation in criminal activity.

## DOUBLE JEOPARDY

■ Claimant argues that the Double Jeopardy Clause bars the instant forfeiture action. The Double Jeopardy Clause provides criminal defendants with protection against: (1) reprosecution for the same offense after acquittal; (2) prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *see also, Schiro v. Farley*, —— U.S. ——, ——, 114 S.Ct. 783, 789, 127 L.Ed.2d 47 (1994).

In a series of recent decisions, the Supreme Court has given the ban on multiple punishments a "breadth of effect it had never before enjoyed." *Dept. of Rev. of Montana v. Kurth Ranch*, —— U.S. ——, ——, 114 S.Ct. 1937, 1957, 128 L.Ed.2d 767 (1994) (Scalia, J., dissenting).[5] The Double Jeopar-

dy Clause has been held to apply to civil forfeiture proceedings only where the forfeiture could not be properly characterized as remedial. *See generally, United States v. Halper*, 490 U.S. 435, 446–449, 109 S.Ct. 1892, 1900–1902, 104 L.Ed.2d 487 (1989) (Double Jeopardy prohibits second sanction that may not be fairly characterized as remedial). In fact, the very statute at issue in this case, 21 U.S.C. § 881(a), has been deemed punitive in the context of Eighth Amendment analysis. *See, Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).[6] Having carefully reviewed the Supreme Court's recent pronouncements on the subject of Double Jeopardy, this Court is persuaded by the conclusion of the United States Court of Appeals for the Ninth Circuit that the instant forfeiture **may** indeed violate the Double Jeopardy Clause. *See, United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (1994), *opinion amended on denial of reh'g*, 56 F.3d 41 (9th Cir.1995); *see also, United States v. Ursery*, 59 F.3d 568 (6th Cir.1995). However, where the Courts of Appeal in *$405,089.23 U.S. Currency* and *Ursery* concluded that **any** civil forfeiture effected pursuant to 21 U.S.C. § 881 would be barred by Double Jeopardy in the aftermath of a criminal prosecution, we interpret recent Supreme Court precedent as suggesting that not all such forfeitures raise Double Jeopardy concerns.

■ We discern in *Halper* a directive from the Supreme Court to conduct a case-by-case analysis of the nature of any civil forfeiture sought in addition to a criminal prosecution.[7] *Halper* instructs that "the de-

---

**5.** We also find that the decade-old holding in *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361, 104 S.Ct. 1099, 1104, 79 L.Ed.2d 361 (1983) that "neither collateral estoppel nor double jeopardy bars a civil, remedial forfeiture proceeding initiated following an acquittal on related charges" has lost its force when seen through the lens of more recent Supreme Court precedent.

**6.** As the Court of Appeals for the Third Circuit recently noted, the "only fair reading of the Court's decision in *Austin* is that it resolves the 'punishment' issue with respect to forfeiture cases for the purpose of the Double Jeopardy Clause as well as the Excessive Fines Clause." *United States v. Baird*, 63 F.3d 1213, 1216 (3d

Cir.1995) (citing *United States v. $405,089.23 United States Currency*, 33 F.3d 1210, 1219 (9th Cir.1994), *opinion amended on denial of reh'g*, 56 F.3d 41 (9th Cir.1995)).

**7.** In his recent dissent in *Baird, supra, n. 2*, Circuit Judge Sarokin dismisses the "rational-relation" test enunciated in *Halper* on the basis of a footnote in the *Austin* opinion which states that "it appears to make little practical difference whether the Excessive Fines Clause applies to all forfeitures under §§ 881(a)(4) and (a)(7) or only to those that cannot be characterized as purely remedial." *Austin*, —— U.S. at ——, n. 14, 113 S.Ct. at 2812 n. 14. Though the distinction may be of small consequence in the context of the Excessive Fines Clause, a clause which contains

termination whether a given civil sanction constitutes punishment ... requires a particularized assessment of the penalty imposed and the purposes that the penalty may be fairly said to serve." *Halper*, 490 U.S. at 448, 109 S.Ct. at 1901. Furthermore, "[r]etribution and deterrence are not legitimate nonpunitive governmental objectives." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 539 n. 20, 99 S.Ct. 1861, 1874 n. 20, 60 L.Ed.2d 447 (1979)). Accordingly, "a civil sanction that cannot be fairly said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment" which implicates Double Jeopardy concerns in the light of a criminal prosecution based on the same criminal activity. Applying the analyses set out in *Halper*, *Austin*, and *Kurth Ranch*, the Court cannot determine on this record whether the instant forfeiture is wholly remedial. If evidence demonstrates that the value of the premises forfeited exceeds such amounts that the Government can present as remedial, *Halper* instructs that the instant attempt to forfeit those premises may be barred as additional punishment of the claimant for the same offenses charged in his criminal indictment.[8]

Though we are aware of contrary conclusions reached by courts of appeals in other circuits, the specific rationales of those cases appear inapposite to the case at hand. The Court of Appeals for the Fifth Circuit, for example, decided that forfeiture of property which was proved to have been obtained with the **proceeds** of drug transactions, pursuant to section 881(a)(6), did not constitute punishment for the purposes of Double Jeopardy on the conceit that the defendant never had a legal right to own such property.

*United States v. Tilley*, 18 F.3d 295 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994). By contrast, the matter here involves property used to **facilitate** drug transactions pursuant to section 881(a)(7), the deprivation of which could indeed exact a punishment. The Court of Appeals for the Second Circuit decided that a civil forfeiture action, filed the same day as a parallel criminal prosecution, did not violate Double Jeopardy on the ground that the two actions were, in fact, a single, co-ordinated prosecution. *United States v. Millan*, 2 F.3d 17 (1993); *cf., United States v. One Single Family Residence*, 13 F.3d 1493, 1499 (11th Cir.1994) (forfeiture action filed five months before indictment, upon which court granted summary judgment over two months after conviction, deemed single, co-ordinated prosecution). Unlike the courts in *Millan* and *One Single Family Residence*, we cannot dismiss the possibility that the Government here is "seeking a second punishment because of dissatisfaction with the punishment levied in the first action." *One Single Family Residence*, 13 F.3d at 1499. Furthermore, we agree with the Court of Appeals for the Ninth Circuit that common sense belies any claim that a criminal prosecution and a forfeiture action, instituted some ten days after the grand jury had returned the indictment, amount to a single, co-ordinated prosecution. *$405,089.23 U.S. Currency*, 33 F.3d at 1217.[9] Nor does our conclusion conflict with recent decisions from the Courts of Appeals for the Third and Seventh Circuits which held that administrative forfeiture of monies did not bar subsequent prosecution under the Double Jeopardy Clause. *United States v. Torres*, 28 F.3d 1463 (7th Cir.1994); *United States v. Baird*, 63 F.3d 1213 (3d Cir.1995).

its own test of proportionality, we believe that *Halper* requires District Courts to focus inquiry on whether "the sanction **as applied in the individual case** serves the goals of punishment." *Halper*, 490 U.S. at 448, 109 S.Ct. at 1901 (emphasis added). The different interests protected by the Double Jeopardy Clause support the propriety of case-by-case analysis.

8. "While the trial court's judgment in these matters often may amount to no more than an approximation, even an approximation will go far towards ensuring both that the Government is fully compensated for [its costs] and that, as

required by the Double Jeopardy Clause, the defendant is protected from a sanction so disproportionate to damages caused that it constitutes a second punishment." *Halper*, 490 U.S. at 450, 109 S.Ct. at 1902.

9. The Court of Appeals noted that, since it is to the government's advantage to have a civil forfeiture action heard after the parallel criminal case, the possibility of deliberate tactical maneuvering heightens the concern that the government is forcing the individual to "run the gauntlet" more than once. *$405,089.23 U.S. Currency*, 33 F.3d at 1217 (citations omitted).

## CONCLUSION

While some authorities have questioned whether the Double Jeopardy Clause does in fact protect against multiple punishments,[10] this Court is bound to attempt to apply the directives of the Supreme Court. Accordingly, we will schedule an evidentiary hearing for both parties to present evidence on the sole question whether the value of the forfeited property approximates the damages and costs suffered by the United States of America or is otherwise solely remedial and not punitive. The Court will then "determine on the basis of [the Government's] accounting the size of the civil sanction the Government may receive without crossing the line between remedy and punishment." *Halper*, 490 U.S. at 450, 109 S.Ct. at 1902.

### MEMORANDUM AND ORDER

This matter is before the Court on a motion to reconsider this Court's order dated September 1, 1995 filed by claimant Elroy Williams Sr. ("Williams"). For the following reasons, claimant's motion is denied.

It has come to the Court's attention that off-island counsel for the claimant, Joseph R. Willie, II, has never moved for admission or been admitted pro hac vice to appear in this "particular case," as required by rule 83.1(3) of the Local Rules of Civil Procedure of the District Court of the Virgin Islands (local rules).[1] Moreover, a review of the court file reveals that Mr. Willie flatly and falsely represented in the first claim filed on Williams' behalf that he was admitted pro hac vice, when in fact he has never filed any motion with this Court asking for such admission in this case. Mr. Willie further violates our Local Rules by submitting the motion to reconsider directly to the court rather than through local counsel as required by LRCi 83.1(3). This behavior is inexcusable since Mr. Willie was fully aware of the requirements of our Court, having been properly moved by local counsel and admitted pro hac vice in the criminal case against Mr. Williams.[2]

▮▮▮▮ Even though Mr. Willie is not authorized to practice before this Court in this case, we will not vacate the Court's earlier orders since to do so would unduly prejudice the claimant. The present pleading for reconsideration is rejected[3] and stricken from the record, however, and the Court will direct the Clerk not to accept any further filings submitted by Mr. Willie on behalf of the claimant. This Court will grant the claimant thirty (30) days in which to obtain local counsel. In addition, Mr. Willie will be ordered to show cause why he should not be sanctioned for the unauthorized practice of law and failure to comply with LRCi 83.1.

---

10. *See, Kurth Ranch,* —— U.S. at ——, 114 S.Ct. at 1955 (Scalia, J, dissenting).

1. LRCi 83.1(3) states in pertinent part:
   *Appearance Pro Hac Vice; Local Counsel.* Any member in good standing of the bar of any court of the United States or of the highest court of any state ... may in the discretion of the court, on motion, be permitted to appear and participate in a particular case. If it has not been done prior to the granting of such motion, an appearance as counsel of record shall be filed promptly by a member of the bar of this court ("local counsel") upon whom all notices, orders and pleadings may be served, and who shall promptly notify his specially admitted associate of their receipt. Admission pro hac vice shall be made in person, in open court, excepting in exceptional circumstances approved by the court. No work of any kind on any case filed with the court may be undertaken until counsel moving under this section has been admitted pro hac vice. Only an attorney at law of this court, acting as local counsel, may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders. An attorney may be admitted pro hac vice in no more than a total of three (3) cases in a given calendar year. A lawyer admitted pro hac vice is within the disciplinary jurisdiction of this court. (emphasis added).

2. In *United States of America v. Elroy Williams, Sr.,* Crim. No. 1993–12, local counsel, Miles L. Plaskett moved to have Mr. Willie admitted pro hac vice on October 14, 1993, which motion was subsequently granted by Magistrate Judge Jeffrey Resnick by Order dated October 18, 1993.

3. Even if this Court were to reach claimant's motion for reconsideration on the merits, his motion would be denied. A motion for reconsideration serves to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). The claimant has neither demonstrated any errors of law nor presented any newly discovered evidence.

Accordingly it is hereby,

**ORDERED** that claimant's motion to reconsider is rejected and stricken from the record, and the Clerk is directed not to accept any further submissions from Mr. Willie on behalf of the claimant, and it is further

**ORDERED** that Joseph R. Willie appear before this Court on November 3, 1995, with or without local counsel, to show cause why he should not be sanctioned for unauthorized practice of law and failure to comply with local rules.