FILED

APR 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50080 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00449-PSG-6 |
| v. | |
| PETER XUONG LAM, AKA Kiet, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted April 9, 2013
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

Appellant Peter Xuong Lam was convicted of three counts of selling illegally imported fish, in violation of 18 U.S.C. § 545; introducing misbranded fish into interstate commerce with intent to defraud, in violation of 21 U.S.C. §§ 331(a), (c); and conspiracy to commit these offenses, in violation of 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C.§ 371. Lam was sentenced to 41 months imprisonment and ordered to forfeit 267,570 pounds of fish and $12.58 million. Lam appeals the forfeiture order, arguing that it violates the Excessive Fines Clause of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. Because the district court granted the forfeiture order without addressing Lam's constitutional claim, we vacate the order and remand to the district court to determine whether the forfeiture order violates the Eighth Amendment.

A forfeiture is excessive under the Eighth Amendment if it is "grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). If a "plaintiff makes a prima facie showing that the forfeiture may be excessive, the district court must make a determination, based upon appropriate findings," as to whether the fine is constitutional. *United States v. Busher*, 817 F.2d 1409, 1415 (9th Cir. 1987). Indeed, the district court "has the constitutional responsibility to assure that a forfeiture proceeding . . . does not inflict excessive punishment in violation of the eighth amendment." *United States v. Littlefield*, 821 F.2d 1365, 1368 (9th Cir. 1987). Thus, where a district court has failed to make a finding with regard to the Eighth Amendment, we have remanded, *see Busher*, 817 F.3d at 1416, so that "the district court [could] conduct the fact-intensive inquiry necessary to determine the issue of excessiveness,"

2

*Wright v. Riveland*, 219 F.3d 905, 918–19 (9th Cir. 2000); *see also United States v. Mackby*, 261 F.3d 821, 830 (9th Cir. 2001).

Here, Lam raised the Eighth Amendment issue before the district court, but the district court granted the forfeiture order without addressing whether it was constitutional. Accordingly, we vacate the order and remand to the district court for consideration of whether the forfeiture order was unconstitutionally excessive, in violation of the Eighth Amendment. *See Busher*, 817 F.2d at 1415–16; *Wright*, 219 F.3d at 918–19; *Mackby*, 261 F.3d at 830.

VACATED and REMANDED.