**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN DOYLE BURTON,

Defendant-Appellant.

No.    16-50451

D.C. No.
3:16-cr-00746-AJB-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted April 13, 2018
Pasadena, California

Before:  SCHROEDER, CLIFTON, and M. SMITH, Circuit Judges.

Defendant-Appellant Steven Doyle Burton appeals from his final judgment

of conviction for possession of cocaine base with intent to distribute, in violation

of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm and

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

ammunition, in violation of 18 U.S.C. § 922(g)(1). Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we **AFFIRM**.

1. The district court did not err in denying Mr. Burton's motion to suppress the drugs, weapons, and money found as a result of the probation search of his residence, because the search was reasonable under the circumstances. *See United States v. Lara*, 815 F.3d 605, 610 (9th Cir. 2016). Officers Medina and Williams observed Mr. Burton commit two traffic violations, giving them probable cause to initiate a traffic stop and investigate the violations. *See Whren v. United States*, 517 U.S. 806, 810 (1996). A routine records check conducted during the stop revealed that Mr. Burton was driving with a suspended license and was subject to an active Fourth Amendment waiver. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015). The officers possessed a reasonable suspicion that Mr. Burton was reoffending, and their interests in searching his person outweighed his already diminished expectation of privacy. *See United States v. Knights*, 534 U.S. 112, 118–19 (2001); *Lara*, 815 F.3d at 612.

2. The discovery of marijuana on Mr. Burton's person provided sufficient suspicion of criminal activity to justify the subsequent search of his home, which was located approximately a house length away from where Mr. Burton and the officers were stopped. *See Knights*, 534 U.S. at 121 ("When an officer has

2

reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.").

**3.** We decline to review the merits of Mr. Burton's claim for ineffective assistance of counsel stemming from his attorney's opening statement, but this does not foreclose Mr. Burton from bringing this claim in a habeas proceeding. *See United States v. Dewey*, 599 F.3d 1010, 1014 (9th Cir. 2010). "Collateral review is preferable because in such a proceeding a record may be developed to show what counsel did and any resulting prejudice." *United States v. Simas*, 937 F.2d 459, 463 (9th Cir. 1991).

**4.** This Court's decision in *Pasterchik v. United States*, 400 F.2d 696 (9th Cir. 1968) forecloses Mr. Burton's argument that conviction records bearing his name were insufficient to establish the prior felony conviction element of the felon in possession counts.

**5.** The evidence was sufficient to support the jury's unanimous finding that the government, by a preponderance of the evidence, had established a nexus between the $35,700 and the possession of cocaine base with intent to distribute charge. Congress, in 21 U.S.C. § 853(a)(2), "plainly provided for forfeiture of

property even where only a portion of it was used for the prohibited purposes." *United States v. Littlefield*, 821 F.2d 1365, 1367 (9th Cir. 1987). The jury heard testimony that Mr. Burton kept his belongings in the garage, that Mr. Burton was often seen standing near the outdoor planter where drugs and drug paraphernalia were found, that drug dealing is a cash business, and that it is common for drug dealers to keep a working sack nearby, with the larger stash hidden in a more secure location. The government thus presented the jury with sufficient evidence that at least a portion of the $35,700 was used "in any manner or part, to commit, or to facilitate the commission of" the drug offense for which Mr. Burton was convicted. 21 U.S.C. § 853(a)(2).

**AFFIRMED.**